UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-cr-14041-01-DMM/WM

UNITED STATES OF AMERICA,

vs.

DEWITT FERGUSON,

    Defendant.

_____/

FILED BY ____KJZ____ D.C.

Jun 26, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER FINDING DEFENDANT INCOMPETENT TO PROCEED AND FINDING THAT DEFENDANT CANNOT BE RESTORED TO COMPETENCY

**THIS CAUSE** came before the Court following a competency hearing regarding the competency of Defendant, Dewitt Ferguson ("Defendant").

### I. Background

In 2004, Defendant was convicted of conspiracy in connection with the acquisition of firearms from a licensed firearms dealer, in violation of 18 U.S.C. § 371, making false statements/representations to firearms dealer in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On January 4, 2005, the Honorable United States District Judge Donald M. Middlebrooks sentenced Defendant to 180 months in prison followed by three years of supervised release.

Defendant's term of supervised release commenced on June 15, 2017. On June 28, 2017, Defendant was charged with four violations of his supervised release pursuant to a Petition for Warrant or Summons for Offender under Supervision. [DE 227]. Specifically, the Petition alleges that Defendant failed to report to the probation office within 72 hours of his release; twice failed to report to the probation office as directed; and, failed to follow the instructions of the probation

officer. *Id*.

The Court issued a warrant for Defendant's arrest [DE 228] and he first appeared before this Court on July 21, 2017. [DE 230]. At Defendant's initial appearance, the Court noticed that Defendant displayed bizarre behavior in Court and appeared angry, agitated, and aggressive. [DE 231]. The Government made an *ore tenus* motion for Defendant to undergo a competency examination. *Id*. Upon the Government's motion, the Court's own observations, the agreement of defense counsel, and the information contained in U.S. Probation's Memorandum, the Court entered an Order requiring that Defendant undergo a competency evaluation and requiring that Defendant be committed to the custody and care of the Attorney General for placement in a suitable facility.

Both government counsel and defense counsel have agreed to several successive competency evaluations of Defendant, the first of which was submitted under seal to the Court on October 16, 2017 [DE 242], and continued through the present date. These evaluations were conducted by Dr. Judith Campbell, Psy.D., a forensic psychologist at FMC Lexington, Dr. Logan Grady, MD, a psychiatrist at FMC Butner, and Dr. Evan Du Bois, Psy.D., a forensic psychologist at FMC Butner. [DEs 242, 249, 252, 261, 265, 270, 274, 280, 306]. Upon Defendant's admission to FMC Butner, Dr. Du Bois diagnosed Defendant with schizophrenia and antisocial personality disorder.

On May 22, 2018, upon government motion, this Court ordered that Defendant be involuntarily medicated. [DE 258]. Since the entry of that Order, Defendant's involuntary medication and commitment has been extended by four 120-day periods pursuant to Court orders [DEs 264, 269, 275, 278]. During his commitment, Defendant was prescribed and treated with multiple psychiatric anti-psychotic drugs—including Risperdal and Haloperidol—at varying

2

dosages, the most recent of which was, in Dr. Du Bois' opinion, a very high dose of Haloperidol.

**(A)  June 25, 2020 Competency Hearing:**

The Court held a competency hearing on June 25, 2020. Defendant, defense counsel, and Government counsel all appeared in person at the hearing. At the hearing, Defendant refused to be placed under oath without providing a logical reason, incoherently referred to an unknown "chief judge," made other nonsensical statements, and displayed disorganized behavior.

Dr. Du Bois testified at the competency hearing via Zoom video teleconference (VTC) from FMC Butner. [DE 307]. He was qualified as an expert forensic psychologist with expertise in clinical and forensic psychology. Dr. Du Bois summarized his diagnoses, treatment, and prognosis of Defendant's mental condition. Dr. Du Bois testified that he does not believe Defendant is presently competent to stand trial. Dr. Du Bois stated that although Defendant has possibly attained marginal competency at certain times in the past, his opinion is that Defendant is now not competent to proceed in this criminal case. This opinion was based on his observations and interactions of the Defendant and the entire course of Defendant's treatment, throughout which Dr. Du Bois noted certain improvements and relapses of Defendant's mental health conditions. Dr. Du Bois stated that Defendant has suffered from auditory hallucinations (as evidenced by him speaking to walls or people who are not present) and delusions (such as the retired warden of FMC Butner's supposed directive to Defendant not to leave the mental health unit), and displayed highly disorganized thinking and behavior, including acting with no apparent goal in sight and destroying things he had recently purchased from the commissary for no apparent reason. According to Dr. Du Bois, Defendant produces nonsensical writings and repeatedly makes nonsensical statements.

Dr. Du Bois also opined that it is improbable that Defendant's competency can be restored within a reasonable period of time. He testified that based on the long-standing mental health

issues of the Defendant, the very high doses of medication he is and has been receiving, and his continued bizarre behavior and disorganized thinking, it is not probable that Defendant's competency can be restored. Dr. Du Bois testified that Defendant appeared incompetent to proceed despite the very high dose of medication he is receiving, a fact which, according to Dr. Du Bois, counseled against Defendant's eventual restoration.

During the June 25, 2020 competency hearing, both Government counsel and defense counsel stipulated and agreed that Defendant was incompetent to proceed in this case. This stipulation and agreement was in accord with Dr. Du Bois' testimony and conclusion that Defendant is incompetent to proceed in this case. Further, the Court has carefully observed Defendant's demeanor and behavior throughout the entire course of these proceedings, which began in July, 2017. At these proceedings, beginning with his initial appearance on the supervised release violations Petition on July 21, 2017, and continuing to his competency hearing on June 25, 2020, Defendant appeared unaware of the proceedings, disorganized, confused, erratic, and made incoherent statements about the chief judge and the Florida Constitution. It is clear to this Court that Defendant cannot understand the proceedings against him and cannot effectively consult with his counsel or assist in his defense.

## II.     Discussion of Applicable Law

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the Government from prosecuting defendants who are incompetent. *See* U.S. Const. Amend. V; *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). The Eleventh Circuit has stated that "[f]or a defendant to be competent to

stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and have a rational as well as factual understanding of the proceedings against him.'" *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).   Pursuant to 18 U.S.C. § 4241(d), [1]

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

The preponderance of the evidence standard of proof requires the factfinder to find "that the existence of [the] fact is more probable than its nonexistence."   *In re Winship*, 397 U.S. 358, 371 (1970).

According to the Eleventh Circuit, a court is required to hold a competency hearing whenever there is a "bona fide doubt" as to the defendant's competence.   *Rahim*, 431 F.3d at 759. In making a competency determination, the Court may consider a number of factors, including the defendant's behavior in the courtroom, evidence of irrational behavior, and any prior medical opinions as to competence.   *Drope*, 420 U.S. at 180.   Similarly, the Eleventh Circuit has permitted the Court to consider a defendant's behavior and statements in open court, letters drafted by the defendant, and previous psychological evaluations.   *See Rahim*, 431 F.3d at 759.

### III. Conclusion

### (A). Mr. Ferguson is Incompetent to Proceed in this Criminal Case

Here, upon an independent review of the facts, the governing law, the various forensic

---

[1] *See also* 18 U.S.C. § 4241(a) (providing the court shall grant a motion for a competency hearing, or shall order such a hearing sua sponte, where "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.")

5

reports, including the forensic reports and testimony of Dr. Du Bois, the Court's careful observations of Defendant in the courtroom, the stipulations of Government counsel and defense counsel, and the totality of the circumstances, the Court finds by a preponderance of the evidence that Defendant is incompetent to proceed with the judicial process pursuant to 18 U.S.C. § 4241(d). The Court finds that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant is incompetent to proceed despite the fact that Defendant has been treated by mental health professionals in a federal medical treatment center for several years and has been receiving a "high dose" of anti-psychotic medications.

### **(B). Mr. Ferguson's Competency Cannot Be Restored**

Additionally, based upon the history of Defendant's mental state in this case, the forensic reports, the testimony of Dr. Du Bois, the stipulation of government and defense counsel, and the totality of the circumstances, the Court finds that Defendant is not likely to be restored to competency within a reasonable period of time. There have been lengthy attempts to medicate and treat Defendant so that he can be restored to competency and they have all unfortunately ultimately failed. At this point, the Court is convinced that Mr. Ferguson is incompetent to proceed, and further, that he cannot be returned to competency in this case. The Court announced this ruling in open Court at the conclusion of the June 25, 2020 competency hearing, and both government counsel and defense counsel were in agreement with the Court's ruling.

### **(C). Further Briefing as to the Next Steps in this Case**

As to the next steps in this case in light of the Court's findings, the parties are directed to file their respective motions seeking further relief on or before Thursday, July 2, 2020, with

responses to each motion being due on or before July 6, 2020. No replies shall be filed unless ordered by the Court.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of June, 2020.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE