UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-cr-14041-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

vs.

DEWITT FERGUSON,

    Defendant.

_____/

FILED BY____KJZ____D.C.

Aug 5, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON:

### (I). THE GOVERNMENT'S MOTION FOR EVALUATION [DE 309]

### AND

### (II). DEFENDANT'S MOTION TO DISMISS SUPERVISED RELEASE PETITION, OR IN THE ALTERNATIVE, MOTION FOR IMMEDIATE RELEASE [DE 310]

**THIS CAUSE** came before the Court following a competency hearing regarding the Defendant, Dewitt Ferguson ("Defendant"), after which the Court found that Defendant was incompetent to proceed and not restorable to competency. [DE 308]. The Government has now filed a Motion for Evaluation of Defendant Pursuant to Title 18, United States Code, Section 4246 [DE 309], requesting that Defendant be committed to the custody of the Attorney General so that Defendant can be evaluated by officials at FMC-Butner for dangerousness before he is released. Defendant has also filed a Motion to Dismiss Supervised Release Petition, or in the alternative, Motion for Immediate Release. [DE 310]. For the reasons set forth below, the Court FINDS and RECOMMENDS that the Government's motion should be GRANTED and Defendant's motion should be GRANTED IN PART and DENIED IN PART.

## I. Introductory Statement

This case deals with the very unique and highly unusual situation where a Defendant who was mentally competent when sentenced to federal prison for a lengthy period of imprisonment, subsequently is deemed by the Court to be mentally incompetent and non-restorable to competency while on federal supervised release, with a violation of supervised release pending.

The issue now is what to do with a Defendant such as Mr. Ferguson in such a situation. Obviously, since Defendant is mentally incompetent and not restorable to mental competency, he cannot be prosecuted further on the pending supervised release violation Petition. The government, citing Defendant's lengthy and serious criminal history, the serious offenses of conviction, and the statutory authorization contained in 18 U.S.C. 4246, requests that Defendant be committed to the custody of the Attorney General and sent to FMC-Butner so that Defendant can be evaluated for dangerousness and so that the Director of FMC-Butner can determine whether to file a 4246(a) dangerousness certificate. If no dangerousness certificate is timely filed, the Defendant would be released. In the event a dangerousness certificate is timely filed, the Court would then hold a hearing to determine whether Defendant should be released or committed to the custody of the Attorney General for civil commitment pursuant to 18 U.S.C. 4246(a) and (d).[1]

Defendant objects to the Government's motion and requests that the pending supervised release Petition against him be dismissed and that Defendant be immediately released. Alternatively, Defendant requests that if this Court does order a dangerousness evaluation

---

[1] If, after the dangerous hearing, the court finds by clear and convincing evidence that the defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General." *Id.* § 4246(d). If the court does not find that the defendant is dangerous, he must be released. If there is a finding of dangerousness, however, the Attorney General is then to "make all reasonable efforts" to cause an appropriate State official to take custody of the defendant; if unsuccessful, the Attorney General is to "hospitalize the person for treatment in a suitable facility," until either the State assumes responsibility, or until the defendant's condition has improved such that he can be released. *Id. United States v. Pfeifer,* 2018 WL 1210962, *3 (S.D. Ala. 2018).

pursuant to 18 U.S.C. 4246, that such evaluation be performed at FDC Miami where Defendant currently resides rather than at FMC Butner.

There is a paucity of case law dealing with a situation where a Defendant becomes mentally incompetent and non-restorable while on federal supervised release. Nonetheless, it appears clear that the case law dealing with what to do with a *pretrial* Defendant who is declared to be mentally incompetent and non-restorable is also equally applicable to a Defendant who is deemed mentally incompetent and non-restorable while on federal supervised release. *See United States v. Ward*, 2014 WL 1492858, at *3 (M.D. Ala. Apr. 16, 2014) ("it is appropriate to apply the system of competency proceedings developed in the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–4246, to supervised-release revocation and modification proceedings"). The Court discusses the applicable case law in detail later in this Report and Recommendation.

One final wrinkle. Defendant began his three-year term of supervised release on June 15, 2017, and his term was set to expire on June 14, 2020, absent any violations. Had the pending violation Petition [DE 227] not been filed on June 30, 2017, and had Defendant not been arrested on an arrest warrant [DE 228] issued that same day for such alleged supervised release violations, Defendant's supervised release term would have expired on June 14, 2020. However, federal law authorizes that a term of supervised release can be extended beyond the expiration of the term of supervised release for any period necessary for the adjudication of matters arising before its expiration. *See* 18 U.S.C. §3583(i). Since an arrest warrant was issued within the term of Mr. Ferguson's supervised release and he was ordered to undergo competency and restoration evaluations in order to adjudicate him, and since the Government's motion for a dangerousness evaluation is a statutorily authorized component of the Court's competency and restoration proceedings, this Court does have the authority to address the pending matters past the term of

3

Defendant's supervision.

## II. Background

At Defendant's initial appearance on a Petition for Revocation of Supervised Release [DE 227], the Court noticed that Defendant displayed, *inter alia*, bizarre behavior in Court, appearing angry, agitated, and aggressive. [DE 231]. The Government made an *ore tenus* motion for Defendant to undergo a competency examination. *Id*. Upon the Government's motion, the Court's own observations, the agreement of defense counsel, and the information contained in U.S. Probation's Memorandum to the Court, the Court entered an order requiring that Defendant undergo a competency evaluation and requiring that Defendant be committed to the custody and care of the Attorney General for placement in a suitable treatment facility, pursuant to 18 U.S.C. § 4241(d) [DE 245], on November 21, 2017. Both Government counsel and defense counsel agreed to several successive competency evaluations of Defendant, the first of which was submitted under seal to the Court on October 16, 2017 [DE 242], and which continued through 2020. [DEs 242, 249, 252, 261, 265, 270, 274, 280, 306]. Defendant was diagnosed with schizophrenia and antisocial personality disorder.

Following Defendant's evaluation and treatment at FMC Butner, the Defendant was returned to this district and the Court promptly held a competency hearing on June 25, 2020. At that time, in light of the ongoing COVID-19 pandemic, hearings were being conducted remotely, as they continue to be held today, by Zoom Video Tele-Conference (VTC). However, since the Defendant's competency was at issue, the Court could not ask Defendant to waive his personal presence in the Courtroom and consent to appear by Zoom VTC. Accordingly, Defendant, defense counsel, and Government counsel all appeared in person at the hearing, with appropriate safety precautions in place. At the hearing, Defendant refused to be placed under oath without providing

a logical reason, incoherently referred to an unknown "chief judge," made other nonsensical statements, and displayed disorganized behavior, as he has done during numerous prior appearances before the Undersigned.

Dr. Evan Du Bois, Psy.D., a forensic psychologist at FMC-Butner, testified at the competency hearing via Zoom video teleconference (VTC) from FMC Butner. [DE 307]. Dr. Du Bois summarized his diagnoses, treatment, and prognosis of Defendant's mental condition. Dr. Du Bois testified that he does not believe Defendant is presently competent to stand trial. Dr. Du Bois stated that although Defendant has possibly attained marginal competency at certain times in the past, his opinion is that Defendant is now not competent to proceed in this criminal case. This opinion was based on his observations and interactions of the Defendant and the entire course of Defendant's treatment. Dr. Du Bois stated that Defendant has suffered from auditory hallucinations and displayed highly disorganized thinking and behavior, including acting with no apparent goal in sight.

Dr. Du Bois also opined that it is improbable that Defendant's competency can be restored within a reasonable period of time. He testified that based on the long-standing mental health issues of the Defendant, the very high doses of medication he is and has been receiving, and his continued bizarre behavior and disorganized thinking, it is not probable that Defendant's competency can be restored.

During the June 25, 2020 competency hearing, both Government counsel and defense counsel stipulated and agreed that Defendant was incompetent to proceed in this case. After careful consideration, the Court found that Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

[DE 308]. Additionally, based upon the history of Defendant's mental state in this case, the testimony of Dr. Du Bois, the mental health reports filed in this case, and the stipulation and agreement of government and defense counsel, the Court found that Defendant was not likely to be restored to competency within a reasonable period of time. *Id*.

### III. **The Parties' Pending Motions**

In the Court's June 26, 2020 Order [DE 308], after finding the Defendant incompetent to proceed and further finding that he could not be restored to competency, the Court directed the parties to file their respective motions as to the appropriate procedure going forward at this juncture. [DE 308, pp. 6-7]. The parties complied and the Government's Motion was filed at DE 309 and the Defendant's Motion was filed at DE 310. The parties' briefing was completed on July 22, 2020, and this matter is thus ripe for review.

In the Government's Motion [DE 309] and subsequent briefing, it seeks an Order committing Defendant to the Attorney General for transport to FMC-Butner for purposes of evaluating whether Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, pursuant to Title 18, United States Code, Sections 4241(d), 4246(a), 4246(b), and 4247(b). The Government asserts that Title 18, U.S.C. Section 4246(a) allows for the brief commitment to the Attorney General for the purpose of conducting an evaluation to determine whether the director of the medical facility in which Defendant is housed chooses to file a Certificate pursuant to Section 4246(a). [DEs 309, 316]. As discussed in *United States v. Pfeifer,* 2018 WL 1210962 (M.D. Ala. 2018), if a dangerousness certificate is timely filed, the Court would then decide whether Defendant should be committed to the custody of the Attorney General for civil commitment; if a dangerousness certificate is not timely filed, the

Defendant would be ordered released. *See* f.n. 1, *supra*.

In the Defendant's Motion [DE 310] and subsequent briefing, Defendant argues that this Court lacks authority to involuntarily commit a defendant to the custody of the Attorney General for the purpose of having FMC-Butner evaluate Defendant for dangerousness and determine whether to file a 4246(a) dangerousness certificate. Defendant asserts that a prosecutor or court are precluded from instituting civil proceedings pursuant to Section 4246, and that the filing of a § 4246(a) certificate is the only way to initiate proceedings, including a psychiatric or psychological examination, culminating in a hearing to determine whether Defendant poses a risk of dangerousness. Defendant asserts that he has been declared incompetent and not restorable, thus the Petition for Revocation of Supervised Release must be dismissed, and he must be immediately released. [DE 310]. Defendant alternatively requests that, should the Court grant the Government's motion, the dangerousness evaluation be conducted locally. [DE 317, p. 15].

## IV. Legal Analysis

The Court begins with a discussion of the complex statutory scheme which governs the procedure for the evaluation, treatment, and commitment of criminal defendants whose competency to stand trial is called into question. 18 U.S.C. Section 4241(d) provides that if the court finds that the defendant

> is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

In this case, this Court previously ordered that Defendant be committed to FMC Butner for a competency evaluation and potential treatment, pursuant to 18 U.S.C. § 4241(d). After numerous evaluations, updated reports, involuntary treatment, and extensions of time sought by both the Government and Defendant, all sides agreed, and the Court found, that Defendant was

incompetent and non-restorable. But while the Government now seeks an Order to transport Defendant to FMC-Butner so that the director thereof can evaluate Defendant for dangerousness and determine whether to file a Section 4246(a) certificate stating whether Defendant is dangerous, Defendant asserts that the pending Petition must be dismissed and that Defendant must be immediately released because he has been deemed incompetent and no dangerousness certificate presently exists.

In this case, the Court's next steps are guided by section 4241(d), which provides the following procedure applicable to the situation at hand:

> If, at the end of the [specified time period of commitment], it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246 and 4248.

As noted, here, Defendant's period of commitment for the purposes of evaluating and potentially restoring competency has ended, and Defendant's mental condition has not so improved as to permit the supervised release violation hearing to proceed. Thus, according to Section 4241(d), the Court must now turn to Sections 4246 and 4248. Section 4248 deals with sexually violent offenders, and it is indisputably inapplicable here. Section 4246 provides in relevant part:

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons ... who has been committed to the custody of the Attorney General pursuant to section 4241(d) ... is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined.

18 U.S.C.A. § 4246(a). The statute goes on to state:

> The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily

8

injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

As noted previously, there is a paucity of caselaw dealing with a Defendant who was competent when initially sentenced to federal prison, and then becomes incompetent and non-restorable to competency while on federal supervised release with a violation Petition pending, as is the case with Defendant Ferguson. One District Court in this Circuit has held that the same legal framework may be applied in either situation. *See Ward*, 2014 WL 1492858, at *3 ("it is appropriate to apply the system of competency proceedings developed in the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–4246, to supervised-release revocation and modification proceedings"); *accord United States v. Stewart*, 759 F. App'x 545 (8th Cir. 2019) (defendant, who was found incompetent to proceed under § 4241(d) on charged violations of his supervised-release conditions, was committed to the custody of the AG pursuant to § 4246(a); the Eighth Circuit found no clear error). The Undersigned agrees with this analysis, and the parties have cited no case for the blanket proposition that pretrial competency proceedings differ substantially from supervised release revocation competency proceedings. The Court should accordingly look to those cases dealing with pretrial competency proceedings for guidance.

The United States District Court for the Southern District of California dealt with a somewhat similar situation, where a defendant who had been previously declared incompetent sought immediate release based on the fact that no Section 4246(a) certificate had yet been filed. *United States v. Rivera-Morales*, 365 F. Supp. 2d 1139, 1143 (S.D. Cal. 2005). That Court also began its analysis with a summary of the complex statutory scheme:

> Thus, in summary, if it is determined that a defendant who has been placed in the Attorney General's custody pursuant to § 4241(d) is incompetent and there is not a substantial probability that further treatment will restore his competency, the defendant is subject to § 4246. Under § 4246, if a facility director files a

> certification stating that the defendant is dangerous, then the court must hold a hearing to determine whether the defendant is in fact dangerous and should be committed to the custody of the Attorney General.

*Rivera-Morales*, 365 F. Supp. 2d at 1143.

The Court in *Rivera-Morales* examined, and rejected, a similar argument to that made by Defendant Ferguson. In that case, the procedural posture was nearly identical (except it was pretrial and not a supervised release proceeding) in that the court had already determined that the defendant was incompetent to stand trial, and the period of commitment for evaluation and treatment pursuant to 4241(d) had ended. *Id*. at 1142. In summarizing the defendant's argument, the court stated:

> Defendant argues that once it is determined that there is not a substantial probability that an incompetent individual committed to the Attorney General's custody pursuant to § 4241(d) will be rendered competent with further treatment, the court is without authority to order the facility director to engage in a dangerousness determination in order to decide whether it is appropriate to file the certificate contemplated in § 4246(a). Defendant notes that § 4246 provides that *a dangerousness certification shall stay the release of the person pending completion of procedures contained in this section*. From this defendant argues that because no such certification exists here, he should be released.

*Id*. (emphasis added). However, the *Rivera-Morales* court rejected this argument, and instead held that the emphasized passage of Section 4246 does not address the issue of whether a court can order that a defendant be held for a "short, definite period of time" in order to give the facility director an opportunity to evaluate whether a dangerousness certification should be filed pursuant to § 4246. *Id*. at 1143-44. The court held that "in order for the statutory scheme to function properly," the director of the facility must examine both a defendant's competency to stand trial, and also a defendant's dangerousness. *Id*. at 1143. The court wrote that "a dangerousness certification need not be filed until the court determines [that a defendant is incompetent to stand trial] because it is not until such a determination is made by the court that the defendant becomes

10

'subject to the provisions of section 4246.'" *Id*. (quoting 18 U.S.C. 4241(d)).

The Undersigned finds the *Rivera-Morales* Court's interpretation of the statutory scheme to be persuasive and adopts its reasoning. The Court should thus Order the commitment of Defendant Ferguson to the custody of the Attorney General for a short duration of time in order to give the Director of FMC Butner the opportunity to conduct a dangerousness evaluation and determine whether it will file a dangerousness certificate. *See also United States v. Meno*, 2013 WL 6019269, at *2 (D. Nev. Nov. 13, 2013) (same). If a dangerousness certificate is not timely filed, then Defendant should be released; if a dangerousness certificate is filed, then the Court should hold a hearing pursuant to 18 U.S.C. 4246(d).

The Court notes an additional slight distinction between Defendant Ferguson's case and *Rivera-Morales*: the defendant in *Rivera-Morales* remained at the treatment facility, but here, the Defendant has already been transferred from the treatment facility (FMC Butner) and is currently housed at FDC Miami while the Court resolves the pending motions. And, Defendant Ferguson continues to receive mental health medication and treatment at FDC Miami. In *Rivera-Morales*, the sequence of events was slightly different, in that that court "previously found that defendant was not competent to stand trial and ordered defendant committed to FMC-Butner for treatment" pursuant to Section 4241(d). *Id*. at 1141. The Court finds that this is a distinction without a difference, because here, Defendant's competency hearing came after the period of evaluation and treatment pursuant to Section 4241(d), rather than prior thereto. *See U.S. v. Trillo–Cerda*, 244 F.Supp.2d 1065, 1069 (S.D. Cal. 2002) (stating that there is no law "holding that where a federal pretrial detainee is determined to be incompetent under § 4241, a dangerousness certification under § 4246 is precluded simply because the defendant happens not to be in the physical custody

of the treatment facility where he was originally committed.").[2]

Defendant also argues that the Attorney General has already had custody of Defendant for approximately two years and has never ordered that the director of the facility in which Defendant is confined complete a dangerousness evaluation or file a certificate pursuant to Section 4246(a). But here, the Government has conferred with BOP attorneys, and represented that "the BOP will not conduct a dangerousness evaluation without a Court order authorizing them to do so when dealing with a defendant who was committed to the Attorney General for competency restoration and treatment purposes." [DE 316]. Defendant was committed to the Attorney General for competency restoration and treatment purposes. Thus, the lack of a prior dangerousness evaluation or certificate pursuant to section 4246(a) does not determine whether the Court can now order FMC-Butner to complete a statutory dangerousness evaluation.

## V. CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court FINDS and RECOMMENDS as follows:

1. The Government's Motion [DE 309] should be GRANTED, and, pursuant to 18 U.S.C. 4246, Defendant should be committed to the custody of the Attorney General and immediately transported to FMC-Butner so that a dangerousness evaluation can be conducted and the Director of FMC-Butner can determine whether to file a Section 4246(a) certificate.

    A. The Court should require the Attorney General to complete its dangerousness evaluation and file any Section 4246(a) Certificate deemed appropriate within 45 days of the Court's Order on this Report and Recommendation. If no

---

[2] In that case, the district court also concluded that it had the authority under § 4241(d) to return the defendant to the custody of the Attorney General for the limited purpose of allowing the doctors at FMC–Springfield to certify defendant as dangerous pursuant to § 4246, should they find that such a certification is warranted. *Trillo-Cerada*, 244 F. Supp. 2d 1065.

    dangerousness certificate is filed within that time period, the Defendant should be released. If a dangerousness certificate is filed within that time period, then the Court should promptly proceed with the hearing required by 18 U.S.C. 4246(d).

2. The Defendant's Motion to Dismiss Supervised Release Petition, or in the alternative, Motion for Immediate Release [DE 310] should be GRANTED IN PART AND DENIED IN PART, as follows:

   A. The Defendant's Motion [DE 310] should be GRANTED to the extent that the pending Petition for Revocation of Supervised Release against Defendant [DE 227] should be DISMISSED based upon this Court's prior finding that Defendant is incompetent and not restorable. *See Meno*, 2013 WL 6019269, at *2 (dismissing indictment based upon incompetency), subject to a brief stay discussed immediately below.

   B. The Court's Order dismissing the Petition should be STAYED while the Director of FMC-Butner has the opportunity to promptly conduct a dangerousness evaluation of Defendant and determine whether to issue a certificate pursuant to 18 U.S.C. § 4246(a), if appropriate. *See Meno*, 2013 WL 6019269, at *2 (staying dismissal of indictment pending dangerousness evaluation). In the event a dangerousness certificate is not timely filed, then the Court should lift the stay and order the Defendant released; if a dangerousness certificate is timely filed, the Court should proceed with the statutory hearing required by 18 U.S.C. 4246(d).

   C. The Defendant's alternative request that the dangerousness evaluation be

    conducted locally at FDC-Miami should be DENIED. The Government has represented that BOP counsel has stated that there are only two federal institutions that can conduct 4241(d) and 4246(a) evaluations: FMC-Butner and USMCFP-Springfield, and that FDC-Miami cannot conduct the evaluation as it does not meet the requirements of 4246(a) [DE 316, p. 19]. Thus, although this Court would prefer that Defendant's dangerousness evaluation be conducted locally, that is not possible and therefore Defendant should be promptly transported to FMC-Butner for such evaluation.

3. Defendant's Motion, to the extent it seeks Defendant's immediate release, should be DENIED. The Defendant suffers from severe psychiatric disorders, including schizophrenia and antisocial personality disorder. [DEs 242, 249, 252, 261, 265, 270, 274, 280, 306]. His own family has previously advised the Court (and the assigned probation officer, Harold Iglesias) that they cannot house him as they are in fear of him and that they believe he requires mental health treatment. Immediate release of the Defendant, especially in the midst of the COVID-19 pandemic, would require the mentally incompetent Defendant to fend for himself on the streets, at great risk to himself, other members of the community and property. It appears to the Undersigned, based upon his observations of the Defendant and review of the psychiatric reports that have been filed in this case, together with a review of Defendant's PSI and lengthy and violent criminal history, that Defendant may currently be a danger to himself and others if released from custody without any mental health and community support. In light of the current COVID-19 pandemic and the Defendant's severe psychiatric problems, it would be a disservice to both the Defendant and the community if he were

to be immediately released without the Court having full knowledge of whether he poses a danger to himself, others, or the property of others, and without any plans for his living arrangements and continued mental health treatment. Defendant is currently being treated and medicated at FDC-Miami, and his immediate release into the community could very well exacerbate his mental health issues. The release of Defendant without the statutorily-authorized dangerousness evaluation by FMC-Butner could have disastrous consequences for the Defendant, other persons in the community, and the property of others in the community.

## VI.     NOTICE OF RIGHT TO OBJECT

In light of the procedural posture and facts of this case, the Court deems it appropriate to shorten the time period for objections. *See* S.D. Fla. Local Magistrate Judge Rule 4(a)(1) (providing that the issuing Magistrate Judge may shorten the time period for objecting to a Report and Recommendation). A party shall file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Donald Middlebrooks within seven (7) calendar days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of August, 2020.

                                                        WILLIAM MATTHEWMAN
                                                       UNITED STATES MAGISTRATE JUDGE