UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14041-CR-MIDDLEBROOKS/Matthewman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEWITT FERGUSON,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION (DE 318)

THIS CAUSE is before the Court on Magistrate Judge William Matthewman's Report and Recommendation (DE 318) recommending (1) that I grant the government's Motion for Evaluation of Defendant pursuant to Title 18, United States Code, Section 4246 (DE 309), and (2) that I grant in part and deny in part Defendant's Motion to Dismiss Supervised Release Petition or in the alternative Motion for Immediate Release (DE 310). The Defendant filed objections to the Report on August 12, 20120 (DE 318). The time for the government to respond to Defendant's objections has not yet expired, however I am prepared to rule without need of a response. For the following reasons, I will adopt Judge Matthewman's Report.

**Background**

On November 21, 2017, in connection with an arrest for a supervised release violation, Defendant Dewitt Ferguson appeared in court. He was subsequently found incompetent and committed to the custody of the Attorney General. Defendant was involuntarily medicated and later subject to four 120-day extensions of the competency restoration period by agreement of the parties. After the fourth extension, FMC Butner staff concluded that Defendant had attained

sufficient competency, and therefore Defendant was transported back to this district to proceed with the supervised release violation charges. A competency hearing was held on June 25, 2010, whereupon the court observed Defendant's behavior, reviewed the psychological evaluations prepared over the years, and heard psychiatric expert testimony. At the conclusion of the hearing the parties agreed and the Court found that Defendant had not been restored to competency, in that he was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense. The Court also found that there was not a substantial probability that within an additional period of time the defendant's competency could be restored.

The question now is what to do with the Defendant. The previously specified time period of his court-ordered commitment has come to an end. And he can no longer be prosecuted on the pending supervised release violations given the finding that he is incompetent and non-restorable. On this basis, the defense submits that the supervised release revocation petition must now be dismissed and the Defendant should be immediately released, arguing that there no longer remains any statutory basis to hold the Defendant in custody. The government maintains that Defendant should be returned to FMC Butner to enable the BOP to conduct a dangerousness evaluation pursuant to 18 U.S.C. § 4246(a). Section 4246 provides that the facility where a defendant is housed may choose to file a certificate of dangerousness in appropriate cases, which prompts the court to hold a hearing and determine by clear and convincing evidence whether to commit the defendant. The parties dispute how to interpret the statutory provisions at issue, with the government asserting that implicit authority exists to mandate that the BOP conduct a dangerousness evaluation; and the defense emphasizing that, in its view, express statutory

2

authority is necessary if Defendant is to continue in custody for any additional period of time, and such authority is absent.

## Discussion

I have carefully reviewed the Magistrate Judge's Report, the parties' written submissions addressing these issues, applicable law, and the record as a whole. I agree with Judge Matthewman's analysis and his recommendation that the Defendant be returned to FMC Butner to allow the facility to conduct a dangerousness evaluation and determine whether to issue a certificate. I also agree with his recommendation to grant in part and deny in part Defendant's motion to dismiss the violation petition. I have considered the Defendant's objections and they are overruled for the reasons set forth below.

### A. Objections Relating to Statutory Interpretation

Defendant correctly points out that § 4246 contains no provision expressly authorizing a court to order a facility to conduct an evaluation for the purpose of determining whether to issue a dangerousness certificate. Defendant's objections focus heavily on various criticisms with the way in which this complex statutory scheme is drafted. The crux of the problem seems to be that no apparent guidance exists in the statute with respect to what type of event can permissibly trigger the commencement of a dangerousness evaluation at a defendant's facility. Section 4241(d) states that an incompetent and non-restorable defendant "is subject to the provisions of section 4246." And § 4246--without specifying *who*, in the first instance, can cause a dangerousness evaluation to be conducted, or *how*--launches straight into setting forth the specific procedure that a director at a BOP facility must follow in order to certify that a defendant poses a risk of danger.[1] In the

---

[1] The statute outlines (1) the finding which needs to be made (i.e., "a mental disease or defect" such that "release would create a substantial risk" of injury to persons or property), (2) the manner in which the certificate is transmitted (i.e., to the clerk of court, who sends a copy to the defendant,

overall statutory scheme relating to competency proceedings, other provisions are drafted with greater specificity in terms of the appropriate procedures and applicable standards to be applied. Thus, Defendant is essentially arguing that this lack of clarity in the statutory language regarding the procedure for the facility's initiation of a § 4246 dangerousness evaluation necessarily means that prosecutors and/or courts are *precluded* from requesting that the facility conduct such an evaluation.

I disagree. The facility's filing of a § 4246 certificate is clearly one way to initiate proceedings culminating in a hearing to determine whether a defendant poses a risk of danger. But I do not interpret the statute as foreclosing the initiation of this process in other ways, including by way of a government motion, as occurred here. To date, the Defendant's facility has not assessed the Defendant for dangerousness under §4246. Whether the facility had any prior opportunity and/or authority to do so is not clear, but what matters for our purposes at this juncture is that it has not been done. And the government--pointing to Defendant's lengthy and serious criminal history and the serious offenses of conviction--submits that it needs to be done. It certainly is not inconsistent with the overall purpose of the statutory scheme for the government to make such a request. Moreover, the government's request is not arbitrary; but rather it is premised upon specific facts regarding the history and characteristics of this defendant.

### B. Objections Relating to Applicable Standards and Procedural Safeguards

In his objections, Defendant also assigns error to the Report's failure to "set forth what standard it has applied to determine that Mr. Ferguson should be committed in order for BOP to

---

the government, etc.), (3) mandating that a hearing be held where the court determines whether a defendant poses a risk of danger, and (4) mandating that the facility's issuance of a dangerousness certificate "shall stay the release of the person pending completion of the procedures contained in this section." *See* 18 U.S.C. § 4246.

conduct its dangerousness evaluation and determine whether it will file a § 4246(a) certificate." (DE 320 at 9). Defendant argues that the Magistrate Judge should have used a "clear and convincing" evidence standard of dangerousness before committing Defendant to the custody of the Attorney General in order for the dangerousness assessment to be conducted. I reject Defendant's assertion that the Report erroneously utilized an improper standard, primarily for the reason that there is no express standard outlined in the statute itself which applies to this factual scenario. To the extent that some threshold explanation is necessary before the court may order this brief additional period of commitment, Judge Matthewman outlines the factors he took into account in determining that a dangerousness evaluation should be conducted in this case. Judge Matthewman's conclusions in this regard are well-founded and his analysis is reasonable.[2]

Defendant further objects to the Magistrate Judge's recommendation to commence § 4246 proceedings "without providing Mr. Ferguson an opportunity for a hearing to present evidence as to whether or not he is a danger."  (DE 320 at 10). Defendant argues he should be given an opportunity to "challenge the factual basis for the Court's initial commitment for dangerousness." *Id.* I note that Defendant's argument that some sort of preliminary hearing should now be held is perplexing in the sense that it would inevitably prolong Defendant's period of commitment. But regardless, I do not think a hearing is necessary before ordering that this dangerousness assessment be conducted at FMC Butner. Defendant does not point to any statutory provision which would require a hearing of this type, and the court is not aware of any. To the extent that the Defendant wished to proffer specific facts or reasons why no dangerousness assessment is necessary in his particular case, he has had the opportunity to do so through these briefings, but he has not. Nor

---

[2] I have also taken into consideration the reasons articulated by the government in its briefing with respect to why a dangerousness evaluation of this Defendant is necessary.

does he put forth any argument in his objections to counter the factors relied upon by the Report in determining that a dangerousness evaluation should be conducted in his case.

### C. Objections to the Magistrate Judge's Analysis of Case Law

The Defendant objects to the Report's reliance upon certain district court decisions as persuasive authority, and then goes to great lengths to distinguish the case law cited in the Report. (DE 320 at 10-13). Obviously, it is not error for a Magistrate Judge to discuss nonbinding cases in an R&R. Judge Matthewman clearly understood these decisions were not precedential and so do I. To be clear, I would reach the same decision in this matter without reference to those cases.

### D. Objections to Reliance Upon Input from BOP Counsel

Defendant takes issue with the Report's reference to certain conversations which the AUSA represents it had with BOP counsel in which the AUSA was apparently advised that "the BOP will not conduct a dangerousness evaluation without a Court order authorizing them to do so when dealing with a defendant who was committed to the Attorney General for competency restoration and treatment purposes." (DE 320 at 13). Defendant argues that the government "never disclosed the identity of the attorney who made these representations, an affidavit with respect to the representations, or even a policy by BOP that corroborates the representations." *Id.* I do not think it was error for the Magistrate Judge to include the government's representations in the Report. The legal conclusions which Judge Matthewman reached do not appear to have been premised upon the statements that this unknown BOP lawyer made to the AUSA. In an abundance of caution, however, I am adopting the Report without reliance upon the BOP counsel's remarks.

### E. Objection to Failure to Recommend that Defendant's Dangerousness Evaluation be Conducted Locally

Defendant requested that, as an alternative to returning him to FMC Butner, he be evaluated for dangerousness locally. The Report concludes that this "is not possible" based upon the

6

representations of government counsel who, in consultation with BOP counsel, has advised that FMC Butner is one of only two federal facilities capable of conducting a §4246 evaluation. In his objections, Defendant suggests this may not be accurate, and argues that the only thing that is (or should be) required to assess dangerousness is input from a licensed psychiatrist or psychologist, and there are such licensed professionals available locally. While I acknowledge the risks inherent in transporting Defendant back and forth, and although it is possible that the pandemic could give rise to delays in prisoner transport, I agree with the government and with the Report that there are good reasons to require that the dangerousness evaluation be conducted at FMC Butner, particularly in light of that facility's familiarity with Defendant's background and history.

## CONCLUSION

For the forgoing reasons, it is hereby **ORDERED AND ADJUDGED** that Magistrate Judge Matthewman's Report and Recommendation (DE 318) is **APPROVED AND ADOPTED**. For the reasons set forth therein and the additional reasons articulated in this Order, the Government's Motion for Evaluation (DE 309) is **GRANTED.** The Defendant's Motion to Dismiss Violation Petition Or For Immediate Release (DE 310) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 20th day of August, 2020.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record